UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS HENRIQUE RODRIGUES,

Petitioner,

v.

ROBERT LYNCH et al.,

Respondents.

Case No. 1:26-cv-2319

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community.[1] (Pet., ECF No. 1, PageID.16.)

[1] Petitioner also filed two motions in this case seeking an emergency temporary restraining order requesting that the Court enjoin Respondents from taking certain actions during the pendency of this case and asking that the case be assigned to a specific judge. (ECF Nos. 2, 3.) As set forth

In an Order entered on August 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) Respondents filed their response and a recording of the May 18, 2026, bond hearing on August 18, 2026. (Resp., ECF No. 9; Recording of May 18, 2026, Bond Hearing, filed on Aug. 18, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Brazil who entered the United States in 2019. (Pet., ECF No. 1, PageID.4–5.) On October 21, 2025, ICE arrested Petitioner in Indiana. (*Id.*, PageID.6.)

On March 30, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Henrique Rodrigues v. Lynch* (*Henrique Rodrigues I*), No. 1:26-cv-1044 (W.D. Mich.). In *Henrique Rodrigues I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Henrique Rodrigues I*, (W.D. Mich. May 11, 2026), (ECF Nos. 7, 8).

On May 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.9.) At the conclusion of the May 18, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk. Removal order pending removal order." May 18, 2026 Order Immigration Judge, *Henrique Rodrigues I*, (W.D. Mich.), (ECF No. 9-1) (phrasing in original retained).

---

herein, the Court will deny Petitioner's § 2241 petition without prejudice, which resolves the case. Therefore, Petitioner's request for the Court to enjoin Respondents from taking certain actions during the pendency of the action and to assign this case to a specific judge is moot.

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on May 18, 2026.[2] *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.[3]

## Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 26, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

---

[2] To the extent that Petitioner also seeks to challenge the Immigration Judge's factual determinations at the bond hearing in the present § 2241 petition, those are issues that must first be raised to the Board of Immigration Appeals. Further, to the extent that Petitioner claims that his detention has become unreasonably prolonged, the Court notes that Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court pursuant to 8 C.F.R. § 1003.19(e).

[3] Petitioner also argues that he is entitled to relief based on *Immigration Center for Women & Child. v. Noem*, No. 2:25-cv-09848-AB-AS, 2026 WL 1455004 (C.D. Cal. May 20, 2026), in which the United States District Court for the Central District of California issued a nationwide preliminary injunction staying various victim-based immigration policies. (Pet., ECF No. 1, PageID.10–11.) Litigation in *Immigration Center for Women & Child. v. Noem* remains ongoing, and the government recently filed an appeal to the United States Court of Appeals for the Ninth Circuit. Under these circumstances, at this time, this non-binding case does not present a basis for relief in this habeas action.